UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X          DOCKET NO. _____
CHRISTIAN PAULINO d/b/a MY NEIGHBORS
GROCERY STORE,
                                                    Plaintiff(s),

            -against-                                                         **COMPLAINT**


UNITED STATES OF AMERICA and UNITED
STATES DEPARTMENT OF AGRICULTURE,
                                                    Defendant(s)
-------------------------------------------------------------------X


     **THE PLAINTIFF,** CHRISTIAN PAULINO d/b/a MY NEIGHBORS GROCERY

STORE, by his attorneys**,** the Law Office of VICTOR J. MOLINA, as and for its Complaint

herein, allege the following:


### SUMMARY OF CLAIMS

     1.     This action seeks a de novo judicial review challenging the disqualification from

the Food Stamps Program by the United States Department of Agriculture. See Ai Hoa

Supermarket, Inc. v. United States, 657 F. Supp. 1207, 1208 (S.D.N.Y. 1987); see also 7

C.F.R. § 279.7(a) and a stay of disqualification pending resolution of this matter. The Order

for which review is denoted "Final Agency Decision" and was dated June 14, 2021, by the

U.S.D.A., Food and Nutrition Service Administrative Review Branch in Alexandria, Virginia,

Case Number: C0221389, captioned MY NEIGHBORS GROCERY STORE, Appellant, v. FNS

Retailer Operations Division, Respondent.  The Order was sent via E-mail on June 16, 2021

and delivered on June 16, 2021.


     2.     A retail food store disqualified or fined under the Food Stamp Act may bring an

action for judicial review challenging the penalty by filing a complaint against the United

States in federal district court within 30 days of receipt of the decision. See 7 C.F.R. §

279.7(a). The 30-day period runs through July 16, 2021.

3.      The district court shall determine the validity of the penalty in a trial *de novo*. See 7 C.F.R. § 279.7(c).

## JURISDICTION AND VENUE

4.      This action arises under 7 C.F.R. § 279.7.

5.      This court has original jurisdiction over this action under 7 C.F.R. § 279.7(a). Venue is properly established in the EASTERN DISTRICT of New York pursuant to 7 C.F.R. § 279.7(a) as an aggrieved party may obtain judicial review of a determination by filing a complaint against the United States in the U.S. district court for the district in which the owner resides or is engaged in business. Here, both MY NEIGHBORS GROCERY STORE and CHRISTIAN PAULINO are residents within the jurisdiction of the U.S. EASTERN DISTRICT of New York.

## PARTIES

6.      Plaintiff CHRISTIAN PAULINO d/b/a MY NEIGHBORS GROCERY STORE is a New York individual with principal place of business 901 40th Avenue, Long Island City, NY 11101. The United States allows suits against the United States in the U.S. district court for the district in which the owner resides or is engaged in business under 7 C.F.R. § 279.7(a).

## FACTUAL BACKGROUND

7.      CHRISTIAN PAULINO is the proprietor of a business with the trade name, MY NEIGHBORS GROCERY STORE

8.      CHRISTIAN PAULINO d/b/a MY NEIGHBORS GROCERY STORE, denies the allegations raised by the United States Department of Agriculture, against the retailer. The chronology of events pertaining to the U.S.D.A.'s administrative action against the retailer are not in dispute. The U.S.D.A. Food and Nutrition Service, New York Field Office, issued a Charging Letter dated April 6, 2021, whereby the Department charged MY NEIGHBORS

GROCERY STORE with misuse of SNAP benefits in violation of 7 C.F.R. 278.2(a) of the Supplemental Nutrition Assistance Program ("SNAP") regulations.It is important to note that the agency did not charge the defendants with trafficking in violation of 7 C.F.R. 278.6(e)(1).

9.      CHRISTIAN PAULINO and MY NEIGHBORS GROCERY STORE promptly denied the allegations raised and applied for a hardship civil money penalty (CMP), in lieu of any suspension or disqualification, pursuant to Section 278.6(f)(1) of the Regulations in a letter sent on April 13, 2021, via Fax and Mail to the U.S.D.A., New York Field Office. Attached to the letter were records of SNAP training sessions attended by employees.

10.     In a letter dated April 19, 2021, the FNS Retailer Operations Division acknowledged receipt of Plaintiff's Reply and notified Plaintiff that it had determined that violations had occurred at the establishment, and that a six-month period of disqualification from participating in SNAP was warranted. The Disqualification letter also stated that Plaintiff was ineligible for a hardship CMP.

11.     By letter dated April 24, 2021, Plaintiff timely sent a Request for Administrative Review to the U.S.D.A., Food and Nutrition Service Administrative Review Branch, in Alexandria, Virginia. CHRISTIAN PAULINO and MY NEIGHBORS GROCERY STORE challenged the disqualification issued by the Field Office. On or about May 8, 2021, the U.S.D.A., Food and Nutrition Service acknowledged Plaintiff's timely submission of the Request for Administrative Review.

13.     In a decision denoted "Final Agency Decision," dated  June 14, 2021 and sent via E-mail on June 16, 2021 and delivered on June 16, 2021, the U.S.D.A., Food and Nutrition Service Administrative Review Branch in Alexandria, Virginia, sustained the decision of the Field Office imposing a six-month disqualification of MY NEIGHBORS GROCERY STORE from participating in the SNAP Program. Proof of Delivery information, including tracking information from UPS.com is attached as CHRISTIAN PAULINO d/b/a MY NEIGHBORS GROCERY STORE has exhausted her administrative appeals and now seeks a de novo

judicial review challenging the disqualification from the Food Stamps Program by the United States Department of Agriculture.

15.     The complaint must be filed within 30 days after the date of delivery or service upon the firm of the notice of determination of the designated reviewer in accordance 7 C.F.R. § 279.7(a). The 30-day period runs through July 16, 2021.

## THE DECISION IS BASED ON ERRONEOUS FINDINGS AND AN ABSENCE OF FACTS

16.     The Final Agency Decision states that "Retailer Operations Division charged the Appellant firm with accepting SNAP benefits in exchange for merchandise which included common ineligible non-food items in violation of 7 CFR § 278.2(a)."

17.     The reports cited in the Decision are deficient in that they fail to clearly establish that any ineligible items were sold in exchange for SNAP benefits. First, there were allegedly four visits in which investigators from the FNS Department visited the store as part of their undercover "sting" operation. FNS alleges that in those visits there were violations warrant a disqualification period of 6 months. The Department provides a "Report of Positive Investigation" from an "Investigator" whose name is redacted. Not only is the investigator's identity redacted, but the Report does not show evidence of any signature.

18.     The Individual Investigative Transaction Reports, delineated as Transactions "A," "B," "C," and "D" are also deficient." The reports are ambiguous. The investigator, in his written statement makes no specific claim of any non-eligible items being purchased in exchange for SNAP benefits. There's only a tangential statement that "The clerk made no mention of the non-food item being purchased using SNAP benefits." The second page of each Transaction Report shows that several items were presented for purchase, but prices are show for only some of the items. So it is impossible to tell if any ineligible items were charged to the FNS SNAP accounts.

19.     The investigator acknowledges in Transaction report "D," that he attempted to obtain cash from the store in exchange for SNAP benefits, but it each case, he was rebuffed by the store clerk.

20.     FNS also redacted the name of the investigator and even the time of day when the purchases were made, making it difficult for the respondent (the plaintiff herein) to track down the transactions for his response.

21.     Plaintiff respectfully submits that that raised questions about the accuracy of the investigation and the report. The U.S.D.A. is the party with access to the E.B.T. records and the U.S.D.A. certainly could have provided evidence of the amount—if any—that plaintiff allegedly charged for these ineligible items. The absence of an indication of the price paid leaves it completely unclear whether the item was charged to the E.B.T. account at all.

22.     CHRISTIAN PAULINO d/b/a MY NEIGHBORS GROCERY STORE has exhausted her administrative appeals and now seeks a de novo judicial review challenging the disqualification from the Food Stamps Program by the United States Department of Agriculture.

23.     The complaint must be filed within 30 days after the date of delivery or service upon the firm of the notice of determination of the designated reviewer in accordance 7 C.F.R. § 279.7(a). This complaint and Order to Show Cause are filed within that deadline.

**WHEREFORE**, the plaintiffs request that the Court grant the following relief:

1.     That the Court stay the disqualification of Plaintiffs from the SNAP program pending a hearing on this matter.

2.     That the Court grant a de novo judicial review challenging the disqualification of Plaintiffs from the SNAP Program by the United States Department of Agriculture as under the Food Stamp Act, the validity of the administrative decision is reviewed de novo (7

C.F.R.§ 279.7(c); see also <u>Ai Hoa Supermarket, Inc. v. United States</u>, 657 F. Supp. 1207,

1208 (S.D.N.Y. 1987).

3.     Grant such and other relief as the Court may deem proper.

Dated: Bronx, New York

     July 9, 2021

Benjamin Sharav
BS-8536
Law Office of VICTOR J. MOLINA
VJM-1741
Attorney for Plaintiffs
930 Grand Concourse, Ste. 1A
Bronx, NY 10451
Tel.: (718) 401-1600

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X    DOCKET NO. _____

CHRISTIAN PAULINO d/b/a MY NEIGHBORS
GROCERY STORE,

                                 Plaintiffs,

           -against-                    **VERIFICATION**

UNITED STATES OF AMERICA and UNITED
STATES DEPARTMENT OF AGRICULTURE,
                             Defendant(s)
-----------------------------------------------------------------X

STATE OF NEW YORK     }
                         }SS:
COUNTY OF NEW YORK    }

     Benjamin Sharav, hereby attests under awareness of the penalties for perjru:

1.     I am the attorney for Christian Paulino, owner of MY NEIGHBORS GROCERY STORE, and the plaintiff in this action.

2.     I have prepared the within complaint and know the contents thereof. The contents are true to my knowledge, based on discussions with the plaintiff and review of documents, except as to those matters therein stated be on information and belief, and as to those matters, I believe them to be true.

3.     I make this verification because the plaintiff is not in the county where the attorneys offices are located. Signed, notarized verification from Plaintiff shall be provided at later time.

Dated: New York, NY
      July 9, 2021

                                                BENJAMIN SHARAV

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X          DOCKET NO. _____
CHRISTIAN PAULINO d/b/a MY NEIGHBORS
GROCERY STORE,

                                      Plaintiffs,

            -against-                                         **VERIFICATION**


UNITED STATES OF AMERICA and UNITED
STATES DEPARTMENT OF AGRICULTURE,
                              Defendant(s)
-------------------------------------------------------------------X

STATE OF NEW YORK     }
                           }SS:
COUNTY OF BRONX      }

       CHRISTIAN PAULINO, being duly sworn, deposes and states:

   4.      I am the owner of MY NEIGHBORS GROCERY STORE, and the plaintiff in this action.

   5.      I have read the within complaint prepared by my attorney and know the contents thereof. The contents are true to my knowledge, except as to those matters therein stated be on information and belief, and as to those matters, I believe them to be true.

Dated: Long Island City, N.Y.


                                   /S _____
                                   CHRISTIAN PAULINO


Subscribed and sworn to before me

on _____, 2021

_____
**Victor Molina**
Notary Public, State of New York
No. 02MO6249338
Qualified in BRONX COUNTY
Commission Expires 11/07/2023

# UNITED STATES DISTRICT COURT

for the

EASTERN DISRTICT OF NEW YORK

-----------------------------------------------------------X

CHRISTIAN PAULINO d/b/a MY NEIGHBORS
GROCERY STORE,

Plaintiff(s),

-against-

UNITED STATES OF AMERICA,

Defendant

-----------------------------------------------------------X

DOCKET NO.  **2021 CV** _____

## COMPLAINT

Law Office of VICTOR J. MOLINA
VJM-1741
Attorney for Plaintiffs
930 Grand Concourse, Ste. 1A
Bronx, NY 10451
Tel.: (718) 401-1600

To: United States Attorney's Office
EASTERN DISTRICT of New York
Civil Division
271 Cadman Plaza East
Brooklyn, NY 11201
Tel.: (718) 254-7000
Fax.: (718) 254-6089

United States Department of Agriculture
Food and Nutrition Service
Administrative Review Branch
1320 Braddock Place, Room 5042
Alexandria, VA 22314